RECEIVED
IN ALEXANDRIA, LA.
MAY 20 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AVOYELLES PARISH SCHOOL BOARD | CIVIL ACTION NO. 08-1374 |
| versus | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE INTERIOR for the use and benefit of the U.S. FISH & WILDLIFE SERVICE, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM JUDGMENT

Before the court is the report and recommendation of the magistrate judge[1] which recommends denial of a motion to dismiss filed by Le Chevalier, Inc. (hereinafter "Le Chevalier"),[2] as well as motions for summary judgment filed by William D. Arnoudville, Carla Baudin Arnoudville, Clay Emil Roblin, Cynthia Gauthier Roblin, David John Guillot, Angela Winn Guillot (hereinafter "Arnoudville defendants"),[3] the Avoyelles Parish School Board (hereinafter "school board")[4] and Elder Properties (hereinafter "Elder").[5] The magistrate judge's report and recommendation also recommends that an additional motion for summary judgment

---

[1] R. 99.

[2] R. 37.

[3] R. 48.

[4] R. 68.

[5] R. 71.

1

by Elder[6] be pretermitted because it is only relevant to the second phase of this matter. Finally, the report and recommendation suggests that the court should grant the motion for summary judgment filed by the U. S. Department of the Interior (hereinafter "government").[7]

The parties to this suit were granted five (5) business days in which to file any and all objections to the magistrate judge's report and recommendation on the issue of whether or not Lac Long Road and/or Buck Road is a public road under applicable Louisiana law.[8] Two sets of objections were filed and we address them below.

### Objections by Elder[9]

Elder's objections assert thirteen (13) separate objections to the report and recommendation issued by the magistrate judge. For the sake of brevity and organization, we will address each objection by number it was assigned in Elder's brief.

*Objection 1*

Elder alleges that the magistrate judge incorrectly stated that access to the school board's property was historically obtained

> by continuation of [Louisiana Highway 452], which continues as an unpaved road known as White Horse Road to the first intersection, locally known as "first crossing," then by way of the continuation of the same road which from that point is mostly known as Lac Long Road or Lake Long Road, then to Buck

---

[6] R. 72.

[7] R. 73.

[8] R. 99 at p. 22. The court notes that the parties do not dispute that White Horse Road, running from Louisiana Highway 452 to first crossing, is a public road.

[9] R. 104.

2

or Bucks Road to the property of plaintiff.[10]

Elder asserts that the maps submitted by the school board and Joe D. Elder's affidavit both confirm that Buck Road[11] does not connect directly to Section 16, the property of the school board.[12]

The court has carefully reviewed the record in this case and finds that the magistrate judge's report and recommendation is entirely accurate based on the record documents from Elder's own lawsuit against the government, filed in 1994.[13] Specifically, we refer to the plats attached to Elder's complaint and to the settlement agreement eventually executed between the parties which is the agreement creating the "dog leg" circumventing access to Elder's property at Section 9 around the government's property in Section 10. Put another way, the dog leg connects the portion of Buck Road running south through Section 4 to Elder's property in Section 9 for the purpose of keeping traffic off of the government's property in Section 10. The plat [R. 71-6 at p. 6] clearly traces the route of Buck Road through Elder's property and Section 16, belonging to the school board. While the court notes Elder's objection to the present day existence of Buck Road, known as Old Tram Road as it lies upon his property, throughout the objections filed, we find that the evidence before us conclusively indicates that Buck Road

---

[10] R. 99 at pp. 2-3.

[11] The court will refer to the road known by both "Buck Road" and "Buck's Road" as "Buck Road" for purposes of this ruling.

[12] R. 104-2 at p. 5.

[13] Elder Properties v. United States of America, Civil Action No. 94-1408. Copies of documents from the record of this suit are attached as exhibits to Elder's own motion for partial summary judgment, R. 71.

3

historically ran through Elder's property (as Old Tram Road) and continued to Section 16, owned by the school board. Thus, we do not reject the report and recommendation of the magistrate judge based on Objection 1.

*Objection 2*

Elder alleges that the magistrate judge erred in relying on the plat attached to the report and recommendation in order to determine the existence and location of Old Tram Road.[14] Elder asserts that it specifically objected to the plats prepared by Michael Moreau, the school board's surveyor, insofar as they purport to show the existence of Old Tram Road in Section 9, Elder's property. Moreover, Elder asserts that what may have once been Old Tram Road is now "non-existent."[15] As discussed above, this court finds that Buck Road, known on Elder's property as Old Tram Road, did unquestionably exist and that this is demonstrated by documents filed in the record by Elder in support of its own motion for partial summary judgment.

We further find that, to the extent that Elder may demonstrate that the road is now unfit for use, the current condition of Old Tram Road is due solely to his decision to erect a gate which closed that portion of Buck Road to all but a select few persons. We reject any argument by Elder based on the purported current condition of Old Tram Road for this reason.

Our conclusion is further supported by the affidavits of Russell W. Watson, Floyd Voinche, Sr.,[16] and Jimmie J. Lemoine,[17] which reference maintenance by the Avoyelles Parish

---

[14]Id.

[15]R. 104-2 at p. 6.

[16]Exhibit B to R. 68.

[17]Exhibit C to R. 68.

4

Police Jury on Buck Road, which encompasses what is referred to now as Old Tram Road, up to and including a bridge over Bayou Jeansonne, located to the west/southwest of the school board's property.

Finally, Elder has submitted no evidence, save the statements of Joe D. Elder, which contradict the evidence before us that Buck Road historically traversed Elder's land as Old Tram Road. Elder's only objection to the plat at issue was that the plat relied on in the magistrate's ruling were not to scale. As evidenced by the magistrate judge's report and recommendation and this memorandum judgment, the court relies on them only to identify the relative location of the lands and roads at issue and not for distance measurements. We do not reject the report and recommendation of the magistrate judge based on Objection 2.

*Objection 3*

Elder alleges that the magistrate judge erred in "finding that when the United States acquired its land in 1988, Buck Road...entered the lands of Elder...on its eastern side before continuing to the northern boundary" of the school board's property in Section 16.[18] The court has reviewed the portion of the report and recommendation referenced by this objection and finds that, read properly, it simply states that access to the school board's property ran, **at one time**, through the property acquired by the government in 1988. As discussed at length above, we concur in the magistrate judge's finding that Buck Road/Old Tram Road did traverse Elder's property after the acquisition of Section 10 by the government, given that suit records from Elder's own 1994 civil action against the government demonstrate that fact. We do not reject the report and recommendation of the magistrate judge based on Objection 3.

---

[18] R. 104-2 at p. 6.

5

*Objection 4*

Elder alleges that the magistrate judge erred when he stated that Joe D. Elder erected a gate at the northeast corner of his land in Section 9, at the "dog leg" road "about six years ago." Specifically, Elder asserts that this gate was erected in either 1979 or 1980 and that, since that time, only specified persons have been permitted access through this gate.[19]

As discussed above, the government granted a dog leg servitude in order to prevent traffic from traveling Buck Road as it ran through its property in Section 10 in order to reach Elder's property in Section 9. The settlement agreement accomplishing this grant was signed on July 31, 1995.[20] The court finds it hard to believe that Elder would erect a gate at the northeastern corner of his property before 1995, as no dog leg passage from Buck Road existed before the execution of this agreement.

Although this would mean that the gate has existed, potentially, longer than six years, we do not find this determinative as it relates to the merits of Phase I of this trial. We do not reject the report and recommendation of the magistrate judge based on Objection 4.

*Objection 5*

Elder argues that the magistrate judge erred in stating that Elder "cut off access" to the school board's land, pointing out that no evidence has been introduced that Elder has prevented school board personnel from accessing this property. Elder admits that it has, however, "long ago cut off access to its property by the public."[21]

---

[19] R. 104-2 at pp. 6-7.

[20] R. 71-6.

[21] R. 104-2 at p.7.

Although the court does not doubt Elder's assertion that school board personnel would be allowed to traverse its property at Section 9 in order to access school board property at Section 16, we do not find that the magistrate's characterization of Elder's denial of access is inaccurate given that this suit has been filed to enable the school board to establish access to its property for the benefit of prospective lessees, which, per Elder, would not be permitted to traverse his property. Accordingly, a portion of the use and enjoyment of the school board's property once made possible by a route through Elder's land has been foreclosed by the gate. We do not reject the report and recommendation of the magistrate judge based on Objection 5.

### *Objections 6, 7, 8 and 9*

Elder alleges that the magistrate judge erred when he stated that there exist exceptions, other than those stated in <u>Davis v. Culpepper</u>[22] and <u>May v. Miller</u>,[23] to the general rule that forced passage for the benefit of an enclosed estate should be fixed along a straight line from the enclosed estate to the nearest public road.

The above captioned case has been divided into three distinct issues: the location of public roads, the location of the route for the benefit of the enclosed estate and indemnity. Given that, at this time, the court is only concerned with matters relating to the location of the public road, we decline to delve into arguments concerning the prospective location of the route sought by the school board. Moreover, the singular issue upon which we must decide in adopting the magistrate judge's report and recommendation is whether or not summary judgment on the issue of the existence and/or location of public roads is supported, in either party's favor, by the

---

[22] 794 So.2d 68 (La. App. 2 Cir. 2001), <u>writ denied</u>, 804 So.2d 646 (La. 2001).

[23] 941 So.2d 661 (La. App. 3 Cir. 2006).

evidence before the court. We do not reach the issue of location of the route and instruct the parties to raise these arguments in their mandatory motions for summary judgment as to that issue. As a reminder, the briefing delays set by the court's order issued March 24, 2009 apply and should be followed with respect to such motions.[24]

### Objection 10

Elder alleges that the magistrate judge erred in failing to recognize that whether or not there has been a tacit dedication of a particular road under La. R.S. 48:491(B) depends upon a two-pronged analysis. Specifically, Elder asserts that the magistrate judge failed to recognize that, in addition to proving three years' maintenance by the Avoyelles Parish Police Jury, the school board must also prove actual or constructive knowledge of such maintenance by the landowner.[25]

The court has reviewed this objection and finds that the magistrate judge's failure to state the second consideration under the applicable statute is inconsequential. The undersigned agrees with the magistrate judge's conclusion that the parties' contradictory affidavit evidence makes a finding on the issue of tacit dedication improper at this time. The court is aware of the burden imposed on the school board by virtue of La. R.S. 49:491(B). We do not reject the report and recommendation of the magistrate judge based on Objection 10.

### Objection 11, 12 and 13

Elder asserts that the magistrate judge erred when he concluded that summary judgment in Elder's favor was precluded because a genuine issue of material fact exists with respect to

---

[24] R. 64.

[25] R. 104-2 at p. 15.

8

whether or not portions of Lac Long Road and Buck Road were tacitly dedicated under La. R.S. 49:491(B). Elder asserts that the school board offered no evidence which demonstrates knowledge or concurrence by the adjacent landowners as to any of the purported maintenance on these roads.[26]

The court finds that, given R.S. 49:491(B)'s express provision that knowledge may be either "actual or constructive," the affidavit testimony of Russell W. Watson, Floyd Voinche, Sr., Jimmy J. Lemoine and Darla Borden, when taken as true, tends to rebut the contention of Joe D. Elder that he had no knowledge of any maintenance along these roads, especially in light of his vigilance with respect to this issue. Accordingly, we do not reject the report and recommendation of the magistrate judge based on Objection 11.

Elder next asserts that the magistrate judge erred when he rejected Elder's motion to strike the affidavits of Russell W. Watson, Jimmy J. Lemoine and Floyd Voinche, Sr. on the basis that they do not contain testimony based on personal knowledge. The court has reviewed the affidavits at issue and does not find that the court gave undue weight to any of them, acknowledging that certain conclusions could not be supported by such testimony. Accordingly, we do not reject the report and recommendation of the magistrate judge based on Objection 12.

**The Arnoudville Objections**

The Arnoudville defendants filed an objection[27] only as to the portion of the magistrate

---

[26] R. 104-2 at pp. 15-17.

[27] R. 102. The court also notes that proposed objections were filed by the school board [R. 106] which merely adopt by reference the Arnoudville defendants' objections. The school board's filing was made on Tuesday, May 19, 2009, after the delay for such filings had lapsed on May 18, 2009. Were we to consider them part of the record in this case, they would be addressed along with the Arnoudville objections.

judge's report and recommendation which recommends that the court grant the motion for summary judgment filed by the government. This objection argues that any grant of summary judgment in favor of the government is premature at this stage of litigation and that the magistrate judge's finding that the portions of Lac Long Road and Buck Road which traverse the government's property could not be deemed public by tacit dedication because this process was "akin to prescription" was erroneous and should not be adopted by this court. The government responds by pointing out that, whether or not dedication and prescription are technically different processes does not matter because tacit dedication, like acquisitive prescription, alienates a portion of the government's title and jurisprudence clearly disfavors any such operation of law.[28] The court has carefully reviewed the parties' arguments and the jurisprudence on this issue and finds that the report and recommendation of the magistrate judge as to the government's motion is correct in its grant of that portion of the motion which seeks declaratory summary judgment on the issue of whether or not tacit dedication may operate against the United States.

For the reasons contained in the report and recommendation of the magistrate judge previously filed herein, and after independent (de novo) review of the record including the objections filed by the parties, and concurring with the findings of the magistrate judge under applicable law, it is hereby

**ORDERED** that the motion to dismiss filed by Le Chevalier[29] is **DENIED**; the motion for summary judgment filed by the Arnoudville defendants[30] is **DENIED**; the first motion for

---

[28] R. 103.

[29] R. 37.

[30] R. 48.

10

summary judgment filed by Elder[31] is **DENIED** and the second motion for summary judgment filed by Elder[32] is **PRETERMITTED** as relevant to the next phase of this trial. It is further

**ORDERED, ADJUDGED AND DECREED** that the motion for summary judgment filed by the government[33] is **GRANTED** insofar as this court finds that any tacit dedication of the roads at issue traversing the government's property must be demonstrated to have occurred prior to the government's acquisition of the property in 1988. This motion is **DENIED**, however, in that the court finds that summary judgment as to whether or not such tacit dedication occurred prior to 1988 is precluded on the basis of the conflicting evidence before us. It is further

**ORDERED** that the **TWO DAY BENCH TRIAL** on the issue of whether or not the disputed portions of Lac Long Road and Buck Road are public ("Phase I") is fixed for **TUESDAY, JUNE 2, 2009** at **9:30 a.m.** before the undersigned. Considering the abbreviated schedule at hand, the court will allow the parties to file their trial memoranda on the morning of Tuesday, June 2, 2009 in open court. The parties shall exchange witness and exhibit lists no later than Wednesday, May 27, 2009, providing the undersigned with a copy of the same.

Discovery on Phase II of this case, regarding the route and restrictions shall be completed no later than May 20, 2009. Cross motions for summary judgment on this aspect of the case **SHALL BE FILED BY ALL PARTIES** with supporting memoranda no later than May 25, 2009. Opposition briefs to these motions shall be filed no later than May 29, 2009. Phase II motions for summary judgment are hereby **REFERRED** to Magistrate Judge

---

[31] R. 71.

[32] R. 72.

[33] R. 73.

11

James D. Kirk for hearing and issuance of report and recommendation. Such hearing shall be held before the magistrate judge on **June 10, 2009** at **9:00 a.m.** See Order, doc. #64, dated March 24, 2009 for additional information.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 20th day of May, 2009.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE